U.S. District Court for the District of Connecticut
141 Church Street
New Haven CT 06510

Thomas J. Walker and Gail P. Walker, h/w )
10535 Wilkerson Drive                     )
Seaford, DE 199973                        )
                                          )          CIVIL ACTION NO:
      v.                                  )
                                          )
Miller Marine Service, LLC                )
t/a Miller Marine Services                )
50 Mill Street                            )          DEMAND FOR
New Haven CT 06513                        )          JURY TRIAL
      and                                 )
K.B. Shellfish, Inc., formerly NRB Corporation )
50 Mill Street                            )
New Haven CT 06513                        )
                                          )

## COMPLAINT

## COUNT I

### (Thomas J. Walker v. Miller Marine Service LLC t/a Miller Marine Services and K.B. Shellfish Inc., formerly NRB Corporation)

### PARTIES

1.     Plaintiffs, Thomas J. Walker and Gail P. Walker are individuals residing at 10535 Wilkerson Drive, Seaford, Delaware 19973. At all times material to this complaint the Plaintiffs are citizens and domiciled in the State of Delaware

2.     Defendant, Miller Marine Service, LLC t/a Miller Marine Services (hereinafter "Miller Marine) is a business entity with its principal place of business located at 50 Mill Street, New Haven, Connecticut 06513 and they have an authorized agent, Ronald W. Miller residing at 79 Waterside Lane, Clinton, CT, 06413. The principal place of business and registration and/or state of registration of Miller Marine is in the state of Connecticut and/or a state other than the State of Delaware.

4.     Defendant, K.B. Shellfish, Inc., formerly NRB Corporation (hereinafter "K.B. Shellfish") is a business entity and corporation with its principal place of business at 50 Mill Street, New Haven, Connecticut 06513 and they have an authorized agent, Richard J. Divinery, Esq., with offices at 65 Jesup Road, Westport, CT 06880. The principal place of business and incorporation of K.B. Shellfish is in the state of Connecticut and/or a state other than the State of Delaware.

## JURISDICTION AND VENUE

5.      Jurisdiction in this case is based upon the diversity of citizenship of the parties 28 U.S.C.§1332 and because the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. In addition pursuant to  28 U.S.C. §1331 and 28 U.S.C. §1333 since the substantive maritime law of the United States applies to this claim raising issues of federal maritime law. The accident and injury at issue in this case occurred in New Haven Harbor a port including and within Long Island Sound all of which are navigable waters of the United States. The accident and injury involve the duty of a wharfinger and vessel owner and operator to provide a safe means of ingress and egress to and from the wharf and vessels which is essential to maritime commerce inasmuch it is necessary for pilotage, loading and unloading, resupply of stores, and coming and going of crew and necessary contractors among other maritime activities.

## STATEMENT OF FACTS

6.      Plaintiff, Thomas J. Walker is a Pilot licensed by the State of Connecticut and is authorized to act as a Connecticut Licensed Pilot in the following ports and waters: 1) CT State and Boundary Waters of Long Island Sound; 2) NY/CT Memorandum of Agreement Waters of Block Island and Long Island Sound, east of City Island-Stepping Stones; 3) New Haven Harbor; 4) Bridgeport Harbor; 5) New London Harbor and, 5) the Thames River.

7.      On September 15, 2011, after bringing the MV Stena President to anchor at Riverhead anchorage on Long Island Sound Pilot Walker was picked up by the launch boat Abigail Miller for transport to the Miller Marine and K.B. Shellfish wharf at New Haven Connecticut.

8.      At or about 0000 to 0030 hours on September 16, 2011, the launch boat Abigail Miller made fast alongside the Erin Miller which was alongside the Megan Miller. The Abigail was operated by John Handley and a deck hand by the name of Dwayne. Pilot Walker intended to disembark at the K.B. Shellfish and Miller Marine wharf at 50 Mill Street, New Haven, Connecticut.

9.      Pilot Walker crossed over the gunwale of the Abigail/Erin and then the Erin/Megan and proceeded to the starboard side of the Megan Miller to the vicinity of an access ladder to the dock. Unknown to him a portion of the starboard gunwale of the Megan Miller had been removed. No warning notice and/or barrier was substituted for the missing gunwale. Pilot Miller fell through this opening into the water between the dock and starboard side of the Megan Miller, suffering serious injuries as described further herein.

10.      Pilot Walker was able to swim to the stern of the Megan and get the attention of operator Handley and deck hand Dwayne. They did not have a life jacket or life ring to throw to

him and he had to work his way back to the wharf ladder. They tried to throw a small thin rope/twine to him, approximately 3 to 4 feet long but it could not reach him. At Pilot Walker's request Handley and Dwayne pushed the breasting vessels away from the dock and despite serious injury and shock Pilot Walker was able to climb the ladder to the dock. Handley and Dwayne did not call an ambulance and/or an emergency medical service but assisted Pilot Walker to his car and despite his serious injury he was able to drive to his residence when piloting at Niatic.

11.     Pilot Walker was a passenger, business visitor, and/or invitee under the circumstance of this engagement and passage and he was entitled to the highest duty of care to assure that he could safely disembark from the vessel to the dock.

12.     The Megan T. Miller is a 100 foot Utility Vessel; the Erin E. Miller is a 65 foot Crew Boat; the Abigail Miller is a 65 foot Crew Boat. These vessels are owned, manned, possessed, controlled and operated by Miller Marine.

13.     The Defendants by their agents, servants, workmen and employees acting in the course and scope of their agency and/or employment were negligent and careless and breached their duties owed to Pilot Walker in the following particulars:

      a.      The Megan T. Miller should not have left the gunwale open, without warning and without a substitute barrier, which created the risk of a fall between the vessel and the dock;

      b.      A gangway and landing area should have been in place instead of the dangerous fixed ladder;

      c.      The operator of the Abigail and the deck hand failed to escort Pilot Walker to the dock area to assure his safety;

      d.      The dock area ladder was not lighted and should have been lighted to assure adequate visibility;

      e.      The breasted vessels Erin and Megan Miller were left with no lights on and without any warning of the open gunwale;

      f.      The defendants failed to provide a safe means and method for Pilot Walker to depart the launch Abigail and make his way safely to the dock;

      g.      The Defendants failed to exercise good seamanship by their failure to escort Pilot Walker safely off their vessels and to the dock and to his car;

      h.      K.B.Shellfish and Miller Marine wharf was dangerous and unsafe because

3

it was not equipped with a landing area, gangway, and adequate lighting to permit safe ingress and egress to the dock from a vessel docked alongside the dock and from the dock to a vessel alongside; The Defendants failed to provide a safe means of ingress and egress to and from the wharf and vessels docked alongside. They failed to provide a platform landing area and adequate gangway facilities from the vessel to the platform and from the platform to the dock.

i. They failed to exercise good seamanship in docking the Erin Miller and the Megan Miller abreast one another presenting a unreasonable obstacle and risk of injury to a disembarking Pilot;

j. The Defendants did not have adequate policies and procedures in place for assuring the safety of their passengers, pilots, crew members and others to get on and off the vessels;

k. If the Defendants did have policies and procedures to assure the safety of their passengers to get on and off the vessels they were inadequate and/or were not followed by the members of the crew;

l. The Defendants failed to have life saving equipment available, failed to render proper and adequate assistance to a fellow mariner in peril, failed to call for assistance and emergency services to aid the seriously injured Pilot Walker among other acts of carelessness and negligence disclosed by discovery in this case.

14. As a direct result of the aforesaid negligence, carelessness and breach of duties owed to their passenger, business visitor and invitee, Pilot Thomas J. Walker was caused to fall from the Megan Miller into the water sustaining serious injury including but not limited to a torn left shoulder rotator cuff and biceps tendon; injury to his right elbow; injury to his right knee including a torn meniscus; injury to his right lower extremity and ankle; and aggravation of arthritis in his lower back. He was caused to fall into the water and very nearly drown and was made to suffer fear and anxiety in extricating himself because defendants lacked life jackets and/or a life ring to throw to him. He had numerous contusions about his body and the full extent of injury is not known and the prognosis is guarded. Damages are claimed for past present and future injury and complications caused and related to the incident that is the subject matter of this complaint.

15. As a direct result of the aforesaid negligence, carelessness and breach of duty owed to their passenger, business visitor and invitee Pilot Thomas J. Walker was caused to seek out medical care and treatment including corrective surgery to his left shoulder and biceps and injection into his injured knee and physical therapy. He will more likely that not require additional surgery and treatment and he is at a high risk of re-injury and complications resulting

4

from the injury that he sustained. He has incurred medical expenses in the past and is likely to incur medical expenses into the future all to his great damage and loss. Damages are claimed for past, present and future medical expenses. He has incurred medical expenses, expenses of travel to his doctors and treating professionals, pharmacy bills for medication, among other costs related to his care and treatment. He has and will in the future be obliged to expend monies for medicine and medical care in order to treat his injuries

16.     As a direct result of the aforesaid negligence, carelessness and breach of duty owed to their passenger, business visitor and invitee, Pilot Thomas J. Walker was caused to suffer pain and suffering and loss of life's pleasures. The physical injuries were very painful and disabling and continue to be very painful and disabling at the present time and for an indeterminate time into the future and likely the rest of his life. Plaintiff was placed in fear of drowning and death, emotional distress and anxiety by reason of the fall into the water and the failure of the defendants to have lifesaving equipment readily available and by reason of the serious injury that was sustained. Plaintiff has in the past and may in the future continue to suffer severe pain, anxiety, depression and emotional injury and loss of the joys and pleasures of life. Damages are claimed for past, present and future pain and suffering and loss of life's pleasures.

17.     As a direct result of the aforesaid negligence, carelessness and breach of duty owed to their passenger, business visitor and invitee Pilot Thomas J. Walker was not able to attend to his duties as a pilot and has sustained a loss of earnings and earning capacity. Plaintiff has been required and will in the future be hindered and prevented from attending to his usual and customary duties and occupations, all to his great financial loss with loss of earnings and earning capacity and power. He has sustained past loss as a result of being out of the pilot pool estimated to be $57,787.68 including losses resulting from the pilot boat not being in use in the amount of $21,600.00. It is probable that he will sustain these losses at some time in the future due to the severity of his injuries and the potential for re-injury and/or recurrence. The Plaintiff has been left with permanent impairments and disabilities. Damages are claimed for past, present, and future losses as a direct of result of his injury and disability.

WHEREFORE, the Plaintiff Pilot Thomas J. Walker demands that he be awarded damages jointly and/or severally in his favor and against the defendants in an amount in excess of $1,000,000.00 exclusive of interest and costs and such other relief as the court believes is just.

## COUNT II

### (Gail P. Walker v. Miller Marine Service LLC t/a Miller Marine Services and K.B. Shellfish, Inc., formerly NRB Corporation)

18.     Gail P. Walker, incorporates by reference paragraphs 1 through 17 of the complaint as if repeated and set forth at length herein.

19.     As the wife of Thomas J. Walker, plaintiff Gail P. Walker has incurred losses in

5

the nature of loss of consortium and society and services of her husband. She has attended to him during the most significant periods of his injury and disability. She adjusted her work schedule to attend to the needs of her husband to assist in his care and treatment. There is a risk of future complications and recurrence of injury and disability that will impact on the services, society and consortium for an indefinite time into the future. Plaintiff demands damages for past, present and future losses.

**WHEREFORE**, Plaintiff Gail P. Walker demands that she be awarded damages jointly and/or severally in her favor against the defendants in an amount in excess of $250,000.00 exclusive of interests and costs and such other relief as the court believes is just.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs hereby demand a trial by jury on all issues.

KINNEY, SECOLA 7 GUNNING, LLC

By: _____
Carl A. Secola, Jr., Esquire
Attorney I.D. #
685 State Street
P.O. Box 1814
New Haven, CT 06511
(203) 787 0 4431
(203) 782 - 2036 (fax)
Attorney for Plaintiffs
Email: *csecolajr@yahoo.com*

MATTIONI, LTD

By: _____
Eugene Mattioni, Esquire
(Pro hac admission to be sought)
Attorney I.D. # 15291
399 Market Street - Suite 200
Philadelphia, PA. 19106
(215) 629 -1600
(215) 923 - 2227 (fax)
Email: *emattioni@mattioni.com*

Dated: 12/14/2012

6